**HOOSIER STATE BANK OF INDIANA,** as Successor Administrator of the Estate of John A. Gediga, Plaintiff-Appellee,

v.

**John L. GEDIGA, Defendant-Appellant.**

Margaret Frayer, Aurelia Gediga, Mary L. Gediga, Florian Gediga, Joseph Gediga, Mary N. Gediga, Lucille Wirtel, United States of America, and the First National Bank of East Chicago, Defendants-Appellees.

No. 18348.

United States Court of Appeals, Seventh Circuit.

Sept. 10, 1970.

Rehearing Denied Oct. 1, 1970.

Kenneth D. Reed, James K. Whitaker, Hammond, Ind., for John L. Gediga.

Paul B. Huebner, Harlan M. Noel, Noel & Noel, Hammond, Ind., for defendants-appellees.

Before KILEY, FAIRCHILD and KERNER, Circuit Judges.

KILEY, Circuit Judge.

Defendant John L. Gediga appeals from a district court decree imposing a constructive trust upon real estate acquired by him while administrator of his father's estate; directing conveyance of the property to plaintiff Hoosier State Bank of Indiana, Administrator (Bank); and ordering a judgment for $6,743.68 against Gediga for rent for his use of the property. We affirm the decree.

Gediga's father died in 1953, leaving a widow and six children of whom Gediga is eldest. While still a pharmacy student at Purdue University Gediga was appointed administrator of his father's estate by the Lake County, Indiana Superior Court. On the day that he was appointed, Gediga, at his request, was given authority by the Indiana court to continue the operation of his father's drug store business.

Gediga was removed as administrator of the estate in 1963. His successor, George B. Hoffman, Jr., filed this suit in 1965 in the Lake County, Indiana Superior Court, seeking to set aside the alleged fraudulent conveyance of real property belonging to the estate to defendant Margaret Frayer.[1] The cause was removed to the United States District Court[2] where, after hearing an abundance of evidence, the court made findings of fact, although not in detail, drew conclusions of law against Gediga and imposed a constructive trust upon the property for the benefit of creditors and heirs of the deceased father. The court decreed the conveyance of the property to the estate and entered the money judgment against Gediga for reasonable use of the property.[3] This appeal followed.

The court found substantially that Gediga, in violation of his trust as estate fiduciary, commingled funds for purchase of vacant real property in Hammond, Indiana, and had applied funds of the estate in payment of mortgages upon the property, proceeds of which were used in the construction of a building on the vacant property.

Gediga was appointed administrator in June of 1953. In February, 1954, the vacant land in Hammond was conveyed to him. He paid $4,900 for the land and financed the improvement with proceeds of a mortgage for $18,000 made in December, 1954. He refinanced the improvement with a $16,000 mortgage in 1961. Gediga was removed as administrator in November, 1963 for failing to account. On May 25, 1964, three days after his successor was appointed, he executed a quit-claim deed to Margaret Frayer whom he married in 1966, the year after this suit was filed. Margaret Frayer remained nominally owner of title—but Gediga made mortgage payments and paid taxes—until 1967 when Gediga and she quit-claimed to a third person who the same day quit-claimed to Gediga.

Gediga challenges the court's finding that he commingled funds of his own with the estate funds and that he used

---

1. Of the individual persons named as defendants in the suit, all except Margaret Frayer are members of the Gediga family. She is Gediga's divorced wife and during the period subject of suit for some time was nominal owner of the property involved. All defendants-appellees support the Bank's position on appeal.

2. Upon motion of the United States seeking enforcement of an alleged tax lien

against the property. The district court found the government had no lien since Gediga did not have title.

3. In a pre-trial conference the parties agreed and the court determined that the contested issues of fact were whether the Hammond property was Gediga's or the decedent's estate; and if that of the estate whether Gediga owed rents to the estate, and if so in what amount.

estate funds in partial payment for the Hammond vacant property. He complains that the court did not find that the estate ever had money nor what part of the funds was his and what part the estate's, if it had any money; and that nevertheless the district court divested him of title "in toto." He claims that the only evidence is that he used his "lifelong savings" to buy the land and that even if the estate had funds there is no evidence that any came into his hands. This contention assumes that the district court was required to accept as true Gediga's own testimony.

■ It would perhaps be sufficient support for the district court's decision to note that Gediga does not challenge the court's finding that mortgage payments for the improvement were made partially with estate funds. However, there is ample evidence to support all of the district court findings. We need give only a summary of part of the evidence: While operating the drug store business under court order Gediga drew salaries in excess of that allowed by the Indiana court, and used the drug store business funds for his own living expenses. He established an account in which he commingled his own funds with the funds from the business. The cashier's check used to purchase the vacant land was drawn to his individual order against the commingled account. He paid the mortgage down partly with estate funds in five years from $18,000 to less than $8,000 and paid real estate taxes using estate funds. He then refinanced the mortgage for $16,000. The excess over the previous mortgage balance is not accounted for. For these reasons we hold the findings are not clearly erroneous.

■■ There is no merit in Gediga's argument that the district court was required to decide what part of the commingled funds belonged to the estate and what part to him. It is fundamental that a fiduciary dealing with funds entrusted to him has the burden of proving fairness in any "traffic" with the funds. 2 A. Scott, Trusts, §§ 172, 179.1 (3d ed. 1967). In the absence of substantial evidence to persuade the district court to find that part of the funds in the commingled account was Gediga's, the court's pertinent findings are not clearly erroneous; and the imposition of the constructive trust, and the order to convey to the Bank as administrator the title to the property are not erroneous. Koenig v. Leas, Ind.App., 157 N.E. 2d 846 (1959), rev'd. on other grounds, 240 Ind. 449, 165 N.E.2d 134 (1960); Terre Haute Trust Co. v. Scott, 94 Ind. App. 461, 181 N.E. 369 (1932).

■ On the day Gediga petitioned for authority to conduct his father's business he estimated the business assets at about $10,000. His earnings record before he was appointed would not support his claim that he had sufficient funds to acquire before his appointment as administrator $2,000 in postal savings bonds, $4,000 in United States government bonds and $2,000 in cash. The court was not required to believe that Gediga's father gave him a "good number" of the payroll postal savings bonds and the government bonds. He said he kept some of the bonds and cash in his father's safety deposit box and some he did not. He did not see what was in the box until after his appointment but said his father told him that they were there. As administrator he had never inventoried the business assets nor the contents of his father's safety deposit box, and during his ten years as administrator never made or filed an inventory of the estate.[4]

■ Gediga used the property until 1967. Because the vacant real estate was purchased with estate funds, and funds due the estate were instrumental in financing the improvement, the estate is owner of the property and was entitled to the income. The court found upon expert testimony that $425 per

---

4. Probate proceedings are still pending in the Indiana court with respect to an accounting by, and surcharges against, Gediga.

month was the fair rental value for the use of the property. In entering judgment against Gediga for reasonable rental use the court credited Gediga with payments made for the mortgage debt and for taxes. We conclude that the court's decree was clearly equitable.

The decree is affirmed.